**AMERICAN MACHINE & FOUNDRY COMPANY, Plaintiff-Appellant,**

v.

**LIGGETT & MYERS TOBACCO COMPANY, Defendant-Appellee.**

No. 12924.

United States Court of Appeals Third Circuit.

Argued Nov. 4, 1959.

Decided Nov. 18, 1959.

William J. Barnes, New York City (Stuart A. White, William A. Drucker, New York City, McCarter & English, Newark, N. J., By Verling C. Enteman, Newark, N. J., on the brief), for plaintiff-appellant.

W. Houston Kenyon, Jr., New York City (Kenyon & Kenyon, James H. Callahan, William T. Boland, Jr., New York City, Pitney, Hardin & Ward, Newark, N. J., on the brief), for defendant-appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

Appellant, owner of the Bandel patent application on a tobacco sheet, brought a patent interference proceeding against appellee, owner of the Samfield, et al. patent No. 2,708,175. The Patent Office awarded priority of invention to Samfield, et al. In an attempt to reverse that award appellant filed suit in the district court under 35 U.S.C.A. § 146 (1952). Chief Judge Forman in the district court held that appellant " * * * failed to prove that Dr. Bandel achieved a reduction to practice of a composition of matter prior to a similar reduction for which application for a patent was filed by Max Samfield, et al. on May 28, 1954, upon which United States Patent No. 2,708,-175 was issued May 10, 1955. Hence the complaint herein must be dismissed and judgment in favor of the defendant entered accordingly." [172 F.Supp. 23] The present appeal is from the resultant judgment. And on this appeal, appellant's contention of reduction to practice of a composition of matter is limited solely to the smoking on May 6, 1952 of four identical cigarettes containing tobacco sheet material which had been made by hand on ferrotype plates.

Admittedly the trial court correctly stated appellant's burden of proof necessary to overturn the determination of the Board of Patent Interference Examiners when, quoting from Smith v. Carter Carburetor Corporation, 3 Cir., 1946, 130 F.2d 555, 560, it held that " * * * where the senior party has already received a patent, the evidence in support of the junior party's right to priority must be so strong as to remove all reasonable doubt thereof."

Regarding the dispositive issue whether appellant had reduced to practice a composition of matter by its ferrotype run the trial court, having in mind that the ferrotype run was made on May 1–6, 1952, inter alia, reviewed at length plaintiff's exhibits 1–A, 1–C and 1–D, its progress reports, dated respectively May 28, 1952 (covering the period April 25, 1952 to May 25, 1952), July 7, 1952 (covering the period May 26, 1952 to June 25, 1952), and August 15, 1952 (covering the period June 26, 1952 to July 25, 1952). The court then found:

"While the tenor of these quotations, concurred in, or prepared by Dr. Bandel is one of hopeful expectancy, these reports nowhere reflect a conviction that the sought-after composition had been attained. Indeed, the opposite is true. Thus in July 1952 the last of these tests were held. Two and one-half years later, Dr. Bandel filed his original application, since abandoned. During that time Samfield et al. of course had filed their application." [172 F. Supp. 21.]

The court went on to follow with approval the rule of the controlling Supreme Court decision that "A composition of matter is reduced to practice when it is completely composed." Corona Cord Tire Co. v. Dovan Chemical Corp., 1928, 276 U.S. 358, 383, 48 S.Ct. 380, 387, 72 L.Ed. 610. It noted that this " * * * does require that the composition in the laboratory be so carried out as to assure its efficacy and utility beyond a reasonable doubt."

The court referring to the general principle that diligence is not required between an actual reduction to practice and the filing of the application, cited with approval Bowers v. Valley, 1945, 149 F.2d 284, 32 CCPA 1039. In that case the alleged reduction to practice had also been found to be doubtful. There was a three year delay before Bowers filed his application. That delay was reflected among other considerations in the conclusion of the court that there had not been a reduction to practice. Regarding the same sort of delay with reference to the Bandel application the court said:

"In the instant case 30 months elapsed between Dr. Bandel's alleged reduction to practice and the filing of his first application on November 12, 1954, and 38 months until the application of July 14, 1955. During that time there was no evidence of any activity on the MTS cigarette project. Samfield, et al. had filed their application on May 28, 1954. Viewing these facts in the light of the Progress Reports, I cannot find that the ferrotype run was a reduction to practice."

The court then held, as we have above quoted, that appellant had failed to prove that it, through Dr. Bandel, had achieved a reduction to practice of a composition of matter prior to the Samfield, et al. reduction on which United States Patent No. 2,708,175 was issued.

We are in complete accord with Chief Judge Forman's clear, convincing opinion. The judgment of the district court will be affirmed.